IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID L. LATTIMORE | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | |
| | § | |
| RICK THALER, | § | |
|     Director of the Texas Department | § | |
|     of Criminal Justice - Correctional | § | |
|     Institutions Division, | § | |
| | § | |
| and | § | CIVIL ACTION NO: H-10-2017 |
| | § | |
| ALAN BROWN, | § | |
|     Director of the Grayson County | § | |
|     Community Supervision and | § | |
|     Corrections Department, | § | |
| | § | |
|     Respondents. | § | |

**MEMORANDUM AND RECOMMENDATION**

David L. Lattimore's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for a report and recommendation (Dkt.4). The court recommends that Lattimore's petition be denied with prejudice.

**Background**

Lattimore was convicted on July 27, 2007 in Cause No. 055141-59 of assault on a public servant and in Cause No. 055143-59 of aggravated assault with a deadly weapon. In the first case, the jury recommended a 5-year sentence, but the court probated the sentence to 10 years community supervision. In the aggravated assault with a deadly weapon case, the jury sentenced Lattimore to 10 years in prison.

Lattimore appealed and the Texas Court of Appeals affirmed both convictions. The

Texas Court of Criminal Appeals refused his petitions for discretionary review. He did not seek a writ of certiorari in the United States Supreme Court.

Lattimore filed an application for writ of habeas corpus in state court on July 28, 2009. On March 24, 2010, the Texas Court of Criminal Appeals denied the application and adopted the findings and conclusions of the trial court. Lattimore filed this federal petition on June 2, 2010.[1] Respondents do not allege that Lattimore's petition is time-barred, but do contend that certain of Lattimore's claims are procedurally defaulted.

**Analysis**

Lattimore's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA). Lattimore is not entitled to federal habeas relief on his claims that were adjudicated on the merits[2] in state court unless the state court adjudication:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision may be "contrary to" federal law as determined by the Supreme Court if the state court arrives at a conclusion opposite of the Supreme Court on a question of law, or if the state court "confronts a set of facts that are materially indistinguishable from a relevant Supreme Court precedent" and reaches an opposite

---

[1]  Upon the motion of respondent Rick Thaler, the court joined respondent Brown and ordered him to respond to Lattimore's challenge to his sentence in Cause No. 0155141-59.

[2]  A denial of habeas relief by the Texas Court of Criminal Appeals constitutes a ruling on the merits of the application. *In re Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

conclusion. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

A state court decision involves an "unreasonable application" of federal law if the state court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Federal habeas relief is warranted only where the state court decision is both incorrect and objectively unreasonable. *Id.* at 410-11.

Lattimore asserts the following grounds for relief in his petition: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) lack of hearing on his state application for writ of habeas corpus; and (4) cumulative error by trial counsel.

**1.      Ineffective Assistance of Trial Counsel**

The Supreme Court has established a two-part test for determining ineffective assistance of counsel claims. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a defendant must first show that his counsel's performance was "deficient" by pointing out specific errors "so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* The court's scrutiny of counsel's performance is highly deferential; the court presumes that counsel's conduct falls within the wide range of reasonable professional assistance. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

Second, a defendant must demonstrate that his counsel's performance prejudiced his defense. "The focus here is whether a reasonable probability exists that counsel's deficient performance affected the outcome and denied [the defendant] a fair trial." *United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999). Conclusory allegations are insufficient; specific facts must be alleged. *See Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998).

Moreover, defense counsel's "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

Lattimore contends his trial counsel was ineffective in multiple ways,[3] which are addressed below.

***Consecutive sentence.*** Lattimore contends that his counsel was ineffective for failing to challenge the imposition of a consecutive sentence of community supervision in Cause No. 055141-59.[4]

Lattimore's contention is not supported by the record. The judgment entered in Cause No. 055143-59 states that the jury assessed punishment as "ten (10) years Texas Department Criminal Justice," to "run concurrently unless otherwise specified."[5] The judgment entered in Cause No. 055141-59 states that the jury assessed punishment as "5 years Texas Department Criminal Justice," to "run concurrently unless otherwise specified." The court suspended the sentence of confinement, and placed Lattimore on community supervision for 10 years.[6] Attached to the 055141-59 judgment is a separate order setting forth the terms and conditions of community supervision. That order says supervision will "commence the day

---

[3]   *See* Dkt. 23, at 1-3 (government's summary of petition).

[4]   *See* Dkt. 1, at 8.

[5]   Dkt. 10-7, at 31.

[6]   Dkt. 10-17, at 51.

4

of release from the Texas Department of Criminal Justice."[7]

Respondent Brown represents that the judgment in Cause No. 055141-59 imposes Lattimore's community supervision sentence to run concurrently with his sentence of incarceration in Cause No. 055143-59.  His community supervision will commence after his release, if any time remains on the sentence to be served.  This interpretation corresponds to the trial court's findings of fact and conclusions of law, as adopted by the Texas Court of Criminal Appeals, in Lattimore's state application for writ of habeas corpus.[8]  Because there was no basis for an objection to a consecutive sentence, Lattimore's petition for relief on this ground must be denied.

***Prejudicial comments.***  Lattimore argues that his counsel's comments regarding Lattimore's character and his mental history prejudiced the jury against him and made acquittal impossible.  Lattimore's counsel, Robert Richardson, submitted an affidavit in the state habeas proceeding addressing this contention.  The state court found Richardson credible, and concluded it was part of Richardson's trial strategy "to develop sympathy for [Lattimore] based on his attempted suicide, and alcohol and drug induced dementia, using [Lattimore's] past behavior and chemical dependency to excuse [his] assaults on his wife, son and law enforcement."[9]

The Supreme Court has held that a strategy such as Richardson's is "precisely the sort

---

[7]  *Id.*, at 53.

[8]  Dkt. 10-7, at 159.  This finding is consistent with the government's representation in that proceeding.  *Id.* at 142.

[9]  *Id.* at 161.

of calculated risk that lies at the heart of an advocate's discretion." *Yarborough v. Gentry*, 540 U.S. 1, 9 (2003). Applying the *Strickland* standard, the state court held that Lattimore did not meet his burden to show that Richardson made any professional errors, or that there is a reasonable possibility that the outcome of his trial would be different but for Richardson's errors.[10] Lattimore has not met his burden here to show that the state court's decision was contrary to or an unreasonable application of federal law, or was based on an unreasonable determination of facts.

***Failure to object.*** Lattimore argues that his counsel was ineffective for failing to object to the prosecutor's statements that: (1) giving Lattimore probation would "strike terror" into the hearts of people; (2) Lattimore has a history of drug use; and (3) last year in Texas there were 29 murder/suicides involving family violence.[11]

Lattimore did not raise these claims on appeal or state habeas review. If he were to do so now, the state court would find them procedurally barred under the abuse of the writ doctrine. TEX. CODE CRIM. PROC. 11.07 § 4. Thus, the claims are procedurally barred from review by this federal court. *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005).

***Failure to call witnesses.*** Lattimore contends that his counsel was ineffective because he failed to call witnesses in the punishment phase who would have testified as to Lattimore's good character.

---

[10]  *Id.* at 163.

[11]  Lattimore's federal petition may be construed as asserting a separate claim of prosecutorial misconduct based on these statements. Any such claim is also procedurally barred.

6

Lattimore did not raise these claims on appeal or state habeas review.[12] Lattimore first raised this issue in objections to the findings of fact and conclusions of law submitted by the trial court to the Texas Court of Criminal Appeals. Because the Texas Court of Criminal Appeals reviews the record provided by the district court and does not undertake factfinding, the objections did not fairly present the issue to the state court. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). If Lattimore were to attempt to present the claims to the state court now, the state court would find them procedurally barred under the abuse of the writ doctrine. TEX. CODE CRIM. PROC. 11.07 § 4. Thus, the claims are procedurally barred from review by this federal court.[13] *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005).

***Pretrial investigation.*** This claim fails for several reasons. First, while Lattimore did make this argument in state court, he did so only generally. He did not specifically identify the police officer witnesses he now contends that counsel should have interviewed. Thus, the claim is procedurally barred for the same reasons noted above.

Alternatively, if his general allegations were sufficient to present the claim to state court, he has presented nothing in this court to show that the state court's determination that his counsel did a thorough investigation is contrary to or an unreasonable application of federal law or based on unreasonable findings of fact.

---

[12] Lattimore did argue on state habeas review that counsel generally failed to provide a defense, but his claim in this regard was directed at the guilt/innocence phase of the trial. *See* Dkt. 10-7, at 35-96.

[13] In any event, Lattimore cannot met his burden on the merits to show that "there is a reasonable probability that but for the trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." *Dale v. Quarterman*, 553 F.3d 876, 880 (5th Cir. 2008). Lattimore's sentences were on the low end of the range of sentencing possibilities for his offenses. *See* TEX. PENAL CODE ANN. §§ 12.32, 12.33, 22.02.

Finally, his claim in this court is entirely speculative. While he complains about counsel's failure to interview the officers involved in the incident, he identifies no discrepancies between what was contained in the prosecutor's files and police reports and what any officer would have told counsel that would have helped his case. Moreover, there were numerous officers involved in the events giving rise to the charge of assault on a public servant, so any discrepancy by one witness would not likely outweigh the consistent testimony of the others. Lattimore's claim based on his counsel's inadequate investigation of potential witnesses must be denied.

***Insufficient trial preparation.*** Lattimore's contentions that counsel failed to adequately communicate with him, failed to involve him in his defense, and failed to prepare him for his testimony are conclusory and without merit. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("mere conclusory statements do not raise a constitutional issue in a habeas case."); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). Richardson's affidavit contradicts Lattimore's allegations, and the state court credited Richardson's affidavit. There is no reason to second-guess that determination here.

***Failure to suppress evidence***. Lattimore alleges that Richardson should have filed motions in limine or for suppression to keep out evidence of Lattimore's possession of weapons, drug use, criminal history, letters from jail, and medical history. Lattimore provides no authority indicating any legal basis for suppression of the evidence. Richardson

8

is not obligated to file futile motions. *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984). Moreover, the decision not to challenge evidence of Lattimore's drug use and medical history is consistent with Richardson's trial strategy of engendering jury sympathy. Finally, Lattimore has not shown any reasonable probability that Richardson's conduct in this regard affected the outcome of his trial.

***Failure to call witnesses.***  This claim appears duplicative at least in part of Lattimore's allegation of inadequate pretrial investigation discussed above. Respondents argue that because Lattimore did not identify for the state court the specific witnesses that should have been called in the guilt or punishment phases of his trial this claim is procedurally barred. Lattimore did argue generally in state court that Richardson failed to present a meaningful defense. The state court addressed that claim and concluded that Lattimore failed to show any professional errors by Richardson that effected the outcome of his trial. This finding is broad enough to encompass the specific challenge here. In any event, "[c]omplaints of uncalled witnesses are not favored in federal habeas review." *Murray*, 736 F.2d at 282. Lattimore's uncalled witnesses claim is particularly speculative. Lattimore presents no evidence that any witness was available and willing to provide favorable testimony. *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002).

***Remaining ineffective trial counsel claims.***  Lattimore also contends that trial counsel was ineffective for failing to obtain video or audio surveillance tapes; failing to file motions Lattimore requested; failing to present an "affirmative" defense; not conducting an "independent" investigation; failing to meaningfully challenge the prosecution's case; failing to seek a bond reduction; failing to perfect the record for appeal; failing to object to

9

prosecutor statements; and failing to file a motion for new trial. Some of these claims, such as those involving failure to file motions in limine or for suppression, and the failure to call witnesses, are duplicative of claims already addressed and rejected above. As to all of these claims, Lattimore's contentions are wholly conclusory and must fail. *See Ross*, 694 F.2d at 1101; *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). For example, Lattimore has not shown that any video or audio surveillance tapes were available or were favorable to him. He has not shown how a bond reduction would have effected the verdict. He has not shown that any objection Richardson failed to make would have been sustained. He has not shown that a motion for new trial had any chance for success.

In sum, all of Lattimore's ineffective assistance of trial counsel claims must be denied.

**II.     Ineffective Assistance of Appellate Counsel.**

Lattimore moves for federal habeas relief on the grounds that Richardson, who was also his appellate counsel, filed a frivolous appeal that did not raise his ineffective assistance of counsel claims or his prosecutor misconduct claims. Claims of ineffective assistance of appellate counsel are governed by the *Strickland* standard. *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998).

Because all of Lattimore's claims of ineffective assistance of counsel at trial have been rejected, there is no basis for his contention that any of those claims should have been raised on appeal. As to prosecutorial misconduct, these claims (either independently or as an example of ineffective appellate counsel) were not raised before the state court, and are

procedurally barred from federal review.[14]

## II. Lack of Hearing on State Habeas Review

"Infirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999). Because this claim raised no issue of constitutional magnitude, it must be denied.

## III. Cumulative Error

This claim was not raised in state court and is procedurally barred. *Neville*, 423 F.3d at 480. Nevertheless, because the court has rejected all of Lattimore's allegations of ineffective assistance of counsel, there is no basis for this claim.

## Conclusion and Recommendation

For the reasons set forth above, the court recommends that respondents' motions be granted and Lattimore's petition be denied with prejudice.

Additionally, the court finds that Lattimore has not made a substantial showing that jurists of reason would find it debatable whether he has been denied a constitutional right or whether the court is correct in its procedural ruling. Therefore, the court recommends that certificate of appealability should not issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

---

[14] *See supra* at 6, n. 11.

Signed at Houston, Texas on January 27, 2011.

_____
Stephen Wm Smith
United States Magistrate Judge